IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, and COMMONWEALTH OF MASSACHUSETTS, )<br>)<br>) | |
| Plaintiffs, ) | |
| v. ) | CIVIL ACTION NO. |
| HOLYOKE WATER POWER COMPANY and CITY OF HOLYOKE GAS & ELECTRIC DEPARTMENT, )<br>)<br>)<br>) | 04- 30120 - MAP |
| Defendants. ) | |

**CONSENT DECREE**

## TABLE OF CONTENTS

I. BACKGROUND . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II. JURISDICTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

III. PARTIES BOUND . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

IV. DEFINITIONS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

V. GENERAL PROVISIONS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

VI. PAYMENTS BY SETTLING DEFENDANTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

VII. STIPULATED PENALTIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

VIII. COVENANTS BY PLAINTIFFS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

IX. COVENANTS BY SETTLING DEFENDANTS . . . . . . . . . . . . . . . . . . . . . . . . . 17

X. EFFECT OF SETTLEMENT; CONTRIBUTION PROTECTION . . . . . . . . . . . . . . 18

XI. NOTICES AND SUBMISSIONS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

XII. EFFECTIVE DATE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

XIII. RETENTION OF JURISDICTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

XIV. APPENDICES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

XV. COSTS AND ATTORNEYS FEES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

XVI. MODIFICATION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

XVII. LODGING AND OPPORTUNITY FOR PUBLIC COMMENT . . . . . . . . . . . . . 24

XVIII. SIGNATORIES/SERVICE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

XIX. FINAL JUDGMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 26

## I. BACKGROUND

A.  The United States of America ("United States"), by the Attorney General, on behalf of the Administrator of the National Oceanic and Atmospheric Administration ("NOAA") and the Secretary of the Department of the Interior ("DOI"), has filed a Complaint against the defendants, Holyoke Water Power Company and City of Holyoke Gas & Electric Department (together, "Settling Defendants") in this Court alleging that the Settling Defendants are liable under Section 107 of the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. § 9607, for damages for injury to, destruction of, or loss of natural resources resulting from the release or threatened release of hazardous substances with respect to the Holyoke Gas Tar Deposits and former Holyoke Gas Works (together, the "Site"), including the reasonable costs of assessing such injury, destruction or loss.

B.  The Commonwealth of Massachusetts (the "State") has also filed a Complaint against Settling Defendants in this matter alleging that the Settling Defendants are liable to the State under Section 107 of CERCLA, 42 U.S.C. § 9607, and Section 5(a) of M.G.L. c. 21E, for damages for injury to, destruction or loss of natural resources resulting from the release or threatened release of hazardous substances or OHM with respect to the Site, including the reasonable costs of assessing such injury, destruction or loss.

C.  Settling Defendant Holyoke Water Power Company is a specially chartered Massachusetts corporation with a place of business in Holyoke, Massachusetts.  Holyoke Water Power Company owned and operated the Former Holyoke Gas Works from approximately 1859 to 1902.  The Gas Works manufactured combustible gas from coal, coke and petroleum from approximately 1852 until 1951.  Until December 2001, Settling Defendant Holyoke Water Power

-2-

Company owned a portion of the Former Holyoke Gas Works as defined by the Massachusetts Department of Environmental Protection ("DEP") (Site # 1-0816).

D. Settling Defendant City of Holyoke Gas & Electric Department is a municipal corporation located in Holyoke, Massachusetts. It operated the Former Holyoke Gas Works from approximately 1922 until 1951 and currently operates a portion of the Site, including a gas regulating station and active gas pipelines.

E. The Holyoke Gas Works is the source of the hazardous substances and OHM (as defined below) released to, at, and from the Site.

F. On October 15, 1990, the Former Holyoke Gas Works was classified as a confirmed priority disposal site and added to the State's published list of disposal sites in Massachusetts. On July 15, 1993, the Holyoke Gas Tar Deposits was classified as a confirmed priority disposal site and added to the State's published list of disposal sites in Massachusetts. The State has notified the Settling Defendants that it has reason to believe that they were potentially responsible parties under M.G.L. c.21E for response action costs pursuant to the MCP for the OHM located at the Site. The Site is generally located in the municipalities of Holyoke, South Hadley, and Chicopee, Massachusetts, as shown generally on the map appended hereto as Appendix A.

G. The Settling Defendants have conducted and continue to conduct response actions at the Site. Settling Defendants state that in doing so they have incurred costs in excess of $2,000,000. Response actions to remove coal tar patches from the Connecticut River, and other response actions at the Site, are ongoing.

H. Settling Defendants do not admit any liability to the Plaintiffs arising out of the

-3-

transactions or occurrences alleged in the Complaints.

I. The Parties recognize, and the Court by entering this Consent Decree finds, that this Consent Decree has been negotiated by the Parties in good faith, that implementation of this Consent Decree will expedite the restoration, replacement or acquisition of equivalent natural resources, that entry of the Consent Decree will avoid prolonged and complicated litigation between the Parties, and that this Consent Decree is fair, reasonable, and in the public interest.

NOW, THEREFORE, it is hereby Ordered, Adjudged, and Decreed:

## II. JURISDICTION

1. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1345, 42 U.S.C. §§ 9607 and 9613(b), and pursuant to the principles of pendent jurisdiction. This Court also has personal jurisdiction over the Settling Defendants. Venue is proper in this Court pursuant to 28 U.S.C. § 1391. Solely for the purposes of this Consent Decree and the underlying complaints, Settling Defendants waive all objections and defenses that they may have to jurisdiction of the Court or to venue in this District. Settling Defendants shall not challenge the terms of this Consent Decree or this Court's jurisdiction to enter and enforce this Consent Decree.

## III. PARTIES BOUND

2. This Consent Decree applies to and is binding upon the United States, on behalf of the United States Department of the Interior, and the United States Department of Commerce, National Oceanic and Atmospheric Administration, as the designated federal trustees for natural resources, including those at the Site; upon the State, on behalf of EOEA, as the designated State trustee for natural resources, including natural resources at the Site; and upon each of the Settling

-4-

Defendants, including, without limitation, each of their successors and assigns. No change in the ownership or corporate status of the either of the Settling Defendants, including, but not limited to, any transfer of assets or real or personal property, shall in any way alter such Settling Defendant's or its successor's and assign's rights or responsibilities under this Consent Decree.

## IV.  DEFINITIONS

3. Unless otherwise expressly provided herein, terms used in this Consent Decree which are defined in CERCLA or M.G.L. c. 21E or in regulations promulgated under CERCLA or M.G.L. c. 21E shall have the meaning assigned to them in CERCLA, M.G.L. c. 21E or in such regulations, as applicable. In the event that a term is defined differently in CERCLA and M.G.L. c. 21E or the regulations thereunder, the definition in CERCLA, the regulations thereunder, or in 43 C.F.R. Part 11 shall apply. Whenever terms listed below are used in this Consent Decree, the following definitions shall apply:

a. "CERCLA" shall mean the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, as amended, 42 U.S.C. §§ 9601 et seq.

b. "Consent Decree" shall mean this Decree and all appendices attached hereto. In the event of conflict between this Consent Decree and any appendix, this Consent Decree shall control.

c. "Costs of Assessment" shall mean all costs including, but not limited to, direct, indirect, and administrative costs incurred or to be incurred by the Trustees in assessing the alleged injury, destruction, or loss of natural resources at or in connection with the Site and directly and indirectly related to negotiating this Consent Decree, through the date of lodging of this Consent Decree, plus Interest on all such costs which has accrued through such date, and all

-5-

costs of approving this Consent Decree.

d. "Day" shall mean a calendar day unless expressly stated to be a working day. "Working day" shall mean a day other than a Saturday, Sunday, or Federal holiday. In computing any period of time under this Consent Decree, where the last day would fall on a Saturday, Sunday, or Federal holiday, the period shall run until the close of business of the next Working Day.

e. "DOI" shall mean the United States Department of the Interior and any successor departments or agencies of DOI.

f. "EOEA" shall mean the Executive Office of Environmental Affairs of the Commonwealth of Massachusetts and any successor departments or agencies of EOEA.

g. "Former Holyoke Gas Works" or "Gas Works" shall mean the Tier IA classified disposal site located in Holyoke, MA and identified by DEP Site # 1-0816. The Gas Works includes, in whole or in part, the properties identified as Lot 3, Lot 6, and Lot 7 on the City of Holyoke Tax Assessors' Map #23 dated 1991. The general location of the Gas Works disposal site is shown in Appendix A to the Consent Decree.

h. "Holyoke Gas Tar Deposits" shall mean the Tier IA classified disposal site located in Holyoke, MA and identified by DEP Site Number 1-1055. The general location of the Holyoke Gas Tar Deposits disposal site is shown in Appendix A to the Consent Decree.

i. "Interest" shall mean interest at the rate specified for interest on investments of the Hazardous Substance Superfund established under Subchapter A of Chapter 98 of Title 26 of the U.S. Code, compounded on October 1 of each year, in accordance with 42 U.S.C. § 9607(a).

j. "Manufactured Gas Plant Tar", and "MGP Tar" shall mean the tar by-products, and

-6-

their hazardous constituents, formed during the process of gas production from coal and/or petroleum. MGP Tar is a hazardous substance under CERCLA and a hazardous material under M.G.L. c. 21E and the MCP.

k. "MCP" shall mean the Massachusetts Contingency Plan, codified at 310 CMR 40.0000 et seq., as amended.

l. "M.G.L. c. 21E" shall mean the Massachusetts Oil and Hazardous Material Release Prevention and Response Act, as amended.

m. "Natural Resource Damages" shall mean damages recoverable pursuant to Section 107 of CERCLA, 42 U.S.C. § 9607, and/or M.G.L. 21E, section 5(a)(ii), for injury to, destruction of, or loss of natural resources at the Site including, but not limited to, Costs of Assessment and costs of restoring, replacing or acquiring the equivalent of injured or lost natural resources.

n. "NOAA" shall mean the National Oceanic and Atmospheric Administration and any successor departments or agencies of NOAA.

o. "OHM" shall mean oil and/or hazardous material as those terms are defined in M.G. L. c.21E.

p. "Paragraph" shall mean a portion of this Consent Decree identified by an arabic numeral or an upper case letter.

q. "Parties" shall mean the United States, the Commonwealth of Massachusetts, and the Settling Defendants.

r. "Plaintiffs" shall mean the United States and the Commonwealth of Massachusetts.

s. "Section" shall mean a portion of this Consent Decree identified by a roman numeral.

t. "Settling Defendants" shall mean Holyoke Water Power Company and City of Holyoke

-7-

Gas & Electric Department, and each of their successors and assigns.

u. "Site" shall mean the Tier IA disposal sites named the Holyoke Gas Tar Deposits, identified by DEP Site Number 1-1055, and the Former Holyoke Gas Works, identified as DEP Site Number 1-0816. The Site is generally located in the municipalities of Holyoke, South Hadley, and Chicopee, Massachusetts.

v. "State" shall mean the Commonwealth of Massachusetts.

w. "Trustees" shall mean the Secretary of the Department of the Interior, or his/her designee, the Administrator of the National Oceanic and Atmospheric Administration, or his/her designee, and the Secretary of the Executive Office of Environmental Affairs of the Commonwealth of Massachusetts, or his/her designee.

x. "United States" shall mean the United States of America, on behalf of the United States Department of the Interior and the United States Department of Commerce, National Oceanic and Atmospheric Administration, including all agencies, bureaus, administrations or departments of DOI and NOAA.

## V. GENERAL PROVISIONS

4. The parties are entering into this Consent Decree to resolve all of the claims of the United States and the State against the Settling Defendants relating to the Former Holyoke Gas Works and the Holyoke Tar Deposits for Natural Resource Damages associated with the natural resources allegedly injured by the release of hazardous substances or OHM at the Site, including, but not limited to, alleged injury to or loss of shortnose sturgeon, mussels, and benthic and other biological and biotic resources, based on the Settling Defendants' agreement to (a) reimburse the Trustees for certain costs of assessing the damages to the natural resources at the Site and (b)

-8-

provide a sum certain as Natural Resource Damages to fund projects to restore, replace, and/or acquire natural resources equivalent to those injured by the release of hazardous substances or OHM at the Site.

5. The obligations of Settling Defendants to pay amounts owed the United States and the State, under this Consent Decree, are joint and several. In the event of the insolvency or other failure of any Settling Defendant to implement the requirements of this Consent Decree, the remaining Settling Defendant shall complete all such requirements.

## VI. PAYMENTS BY SETTLING DEFENDANTS

6. In the manner set forth in this Paragraph 6 and in Paragraph 7, Settling Defendants shall pay a total of $500,000 as a one time payment, plus Interest, if any, as provided in Paragraph 8, to the Trustees to reimburse costs incurred and to be incurred by the Trustees in assessing the damages to natural resources at the Site and to plan and implement projects to restore, replace, or acquire the equivalent of natural resources injured by the release of hazardous substances or OHM at the Site.

a. Within thirty (30) days of the effective date of this Consent Decree, Settling Defendants shall pay $41,340.00 plus Interest as provided in Paragraph 8, to DOI as reimbursement of DOI's Costs of Assessment. Payment shall be made by Fedwire Electronic Funds Transfer to the U.S. Department of Justice account in accordance with current electronic funds transfer procedures, referencing DOJ Case Number 90-11-3-1455, and NRDAR Account Number 14X5198. Payment shall be made in accordance with instructions provided, upon request, to the Settling Defendants by the Financial Litigation Unit of the United States Attorney's Office for the District of Massachusetts following lodging of the Consent Decree.

-9-

Any payments received by the Department of Justice after 4:00 P.M. (Eastern Time) will be credited on the next business day. Settling Defendants shall send notice that such payment has been made to the persons listed in Section XI (Notices and Submissions) for notice to the United States, and to Bruce Nesslage, Natural Resource Damage Assessment and Restoration Program, 1849 C Street, NW, Mailstop 4449, Washington, D.C. 20240. The notice shall state that the payment is for reimbursement of Costs of Assessment for natural resource damage assessment with respect to the Holyoke Gas Tar Deposits and the Former Holyoke Gas Works, located in Holyoke, Massachusetts, and include the DOJ Case Number 90-11-3-1455, and the name of the Settling Defendant making the payment.

   b. (i) Within thirty (30) days of the effective date of this Consent Decree, Settling Defendants shall pay $76,905.00 plus Interest, as provided in Paragraph 8, to NOAA as reimbursement of NOAA's Costs of Assessment. Payment shall be made by Fedwire Electronic Funds Transfer to the U.S. Department of Justice account in accordance with current electronic funds transfer procedures, referencing DOJ Case Number 90-11-3-1455, and NOAA Agency Lockbox Bank Account 11-13801, Bank One Transit Routing: 071000013. Payment shall be made in accordance with instructions provided, upon request, to the Settling Defendants by the Financial Litigation Unit of the United States Attorney's Office for the District of Massachusetts following lodging of the Consent Decree. Any payments received by the Department of Justice after 4:00 P.M. (Eastern Time) will be credited on the next business day.

   (ii) Settling Defendants shall send notice that such payment has been made to the persons listed in Section XI (Notices and Submissions) for notice to the United States, and also to Nancy Eadie, NOAA Finance Services Division, Bills & Collection Unit, 20020 Century Boulevard,

-10-

Germantown, MD 20874; Kathy Salter, NOAA Office of Response and Restoration, N/ORR,

SSCM4, Rm. 10139, 1305 East West Highway, Silver Spring, MD 20910, (301) 713-2989 x116

(kathy.salter@noaa.gov); and Debra A. Wilson, NOAA Office of Response and Restoration,

N/ORR, SSCM4, Rm. 10148, 1305 East West Highway, Silver Spring, MD 20910, (301)

713-2989 x109 (debra.a.wilson@noaa.gov). The notice shall state that the payment is for

reimbursement of Costs of Assessment with respect to the "NOS/ Holyoke Gas Tar Deposits &

the Former Holyoke Gas Works/ Task Number B8K3 N03P HG".

    c. Within thirty (30) days of the effective date of this Consent Decree, Settling

Defendants shall pay $36,755.00 plus Interest as provided in Paragraph 8, to EOEA as

reimbursement of EOEA's Costs of Assessment. Payment shall be made by certified check made

payable to the Commonwealth of Massachusetts and sent to the Office of the Attorney General,

Environmental Protection Division, One Ashburton Place, 18th Floor, Boston, Massachusetts,

02108 (Attn: Matthew Brock). A copy of the check shall be sent to EOEA. Payments made

pursuant to this Paragraph shall be credited to the Natural Resource Damages Trust Fund

(Section 317 of Chapter 194 of the Acts of 1998). The Settling Defendants shall note the

following on the face of the check: the NRD Trust Fund Account Number, 2000-6020, and the

Site numbers 1-1055 and 1-0816. Settling Defendants shall state that the payment is for

reimbursement of Costs of Assessment for natural resource damage assessment with respect to

the Holyoke Gas Tar Deposits and the Former Holyoke Gas Works.

    7. a. Within thirty (30) days of the effective date of this Consent Decree, Settling

Defendants shall pay $345,000.00, plus Interest as provided in Paragraph 8, to DOI, on behalf of

the Trustees, for Natural Resource Damages. For purposes of Paragraph 7 only, Natural

-11-

Resource Damages shall not include Costs of Assessment. Payment shall be made using the U.S. Treasury's Remittance Express program, or, in the event said program is not available to Settling Defendants, then by Fedwire Electronic Funds Transfer. Payment shall be made in accordance with instructions provided, upon request, to the Settling Defendants by the Department of the Interior following lodging of the Consent Decree. Any payments received after 4:00 P.M. (Eastern Time) will be credited on the next business day. Settling Defendants shall send notice that such payment has been made to the persons listed in Section XI (Notices and Submissions) for notice to the United States and the State, and to Bruce Nesslage, Natural Resource Damage Assessment and Restoration Program, 1849 C Street, NW, Mailstop 4449, Washington, D.C. 20240. The notice shall reference Account Number 14X5198 (NRDAR), shall state that the payment is for Natural Resource Damages with respect to the Holyoke Gas Tar Deposits and the Former Holyoke Gas Works, located in Holyoke, Massachusetts, and shall state that the payment is for Natural Resource Damages under the trusteeship of DOI, NOAA, and EOEA. The payment shall also include the DOJ Case Number 90-11-3-1455, and the name of the Settling Defendant making the payment.

b. The jurisdiction, trusteeships, and restoration goals of DOI, NOAA, and EOEA as natural resource trustees over the injured natural resources overlap. Accordingly, the monies paid pursuant to Paragraph 7.a. shall be held by the Department of the Interior in its Natural Resource Damage Assessment and Restoration Fund, and said monies shall only be spent for restoration, including restoration planning, oversight, monitoring, and other allowable expenditures associated with natural resource injuries associated with the Site. Restoration projects to be implemented by the Trustees may be directed, at the Trustees' discretion, to

-12-

restoration of natural resource categories and concerns which may include, without limitation, shortnose sturgeon, endangered and/or state protected freshwater mussels, and benthic habitat.

c.  All expenditures, disbursements, or other dispositions of the monies received as payments pursuant to Paragraph 7.a. together with all Interest accrued thereon, if any, shall be pursuant to the terms of the Memorandum of Agreement ("MOA") to be entered into among DOI, NOAA, and EOEA, which MOA will require decisions by the Trustees to be unanimous.

8.  a.  In addition to the payments to be made pursuant to Paragraphs 6 and 7, Settling Defendants shall pay Interest on the amounts due pursuant to those Paragraphs.  Interest shall be calculated as follows:

i.  if each of the Settling Defendants executes and returns this Consent Decree to the United States, with a copy to the State, on or before May 11, 2004, and payment is timely, no Interest shall accrue;

ii.  if each of the Settling Defendants executes and returns this Consent Decree to the United States, with a copy to the State, by May 11, 2004, but payment is not timely, Interest shall be calculated from the date 30 days after the effective date of this Consent Decree until the date of payment; and

iii.  if each of the Settling Defendants executes and returns this Consent Decree to the United States, with a copy to the State, after May 11, 2004, Interest shall be calculated from May 11, 2004 until the date of payment.  In each case, Interest shall accrue through the date of the Settling Defendants' payment.

b.  Interest on any unpaid balance of assessment costs due under Paragraph 6 shall be paid to the entity to which the unpaid assessment costs are owed.

-13-

c. The Settling Defendants shall make all payments required by this Paragraph 8 in the same manner as set forth in the provisions of Paragraphs 6 and 7, as applicable.

d. Payments of Interest made under this Paragraph shall be in addition to such other remedies or sanctions available to Plaintiffs by virtue of Settling Defendants' failure to make timely payments under this Consent Decree.

## VII. STIPULATED PENALTIES

9. a. Each Settling Defendant shall pay a stipulated penalty to the United States and/or the State for failure to make the payments in Paragraph 6 at the rate of one thousand dollars ($1,000) per day, per violation as to each government, for each day of non-compliance. The stipulated penalty shall be paid to the State and/or the United States, as appropriate, depending upon to which government the unsatisfied payment obligation was owed.

b. Each Settling Defendant shall pay a stipulated penalty to the United States and the State for failure to make the payments in Paragraph 7 at the rate of one thousand dollars ($1,000) per day for each day of non-compliance. The stipulated penalty shall be paid 50% to the United States and 50% to the State.

10. Stipulated penalty payments to the United States shall be made by certified check payable to "Treasurer, United States of America" and shall be delivered by certified mail to the Office of the United States Attorney for the District of Massachusetts. Stipulated penalty payments to the State shall be made in the same manner as set forth in Paragraph 6.c. and shall be credited to the appropriate State account as provided by law. Any stipulated penalty payments shall be accompanied by a reference to this Consent Decree, include the site identification number 1-1055 on the face of the check, and be identified as "Stipulated Penalties." Notice of

-14-

payment of a stipulated penalty shall be made to the Trustees in the manner specified in Section XI (Notices and Submissions).

11. a.  Stipulated penalties shall begin to accrue on the day after payment is due and shall continue to accrue until payment.  Nothing herein shall prevent the simultaneous accrual of separate penalties for separate violations of this Consent Decree.

b.  Following the Trustees' determination that Settling Defendants have failed to comply with a requirement of this Consent Decree, the United States or the State may give a Settling Defendant written notification of the same, describe the noncompliance, and make a demand for the payment of the penalties.  Penalties shall accrue as provided in Paragraph 11.a. regardless of whether the Settling Defendants have been notified of a violation, *provided however,* that with respect to any stipulated penalty payments due pursuant to Paragraph 9 based upon a Settling Defendant's failure to comply with any of the requirements of Paragraph 6 or 7, stipulated penalties shall only commence to accrue five (5) days after the Settling Defendant has been notified of the violation.  A Settling Defendant shall pay stipulated penalties within thirty (30) days of receipt of written demand for such penalties.

c.  If Settling Defendant fails to pay stipulated penalties when due, the Trustees may institute proceedings to collect the penalties, as well as Interest as provided in Paragraph 11.d.

d.  Settling Defendants shall pay Interest on the unpaid balance of any stipulated penalties due, which shall begin to accrue on the date of demand made pursuant to Paragraph 11.b.  The Interest on the unpaid balance of stipulated penalties shall be paid 50% to the United States and 50% to the State.

e.  Notwithstanding any other provision of this Section, the Trustees may, in their

-15-

unreviewable discretion, waive any portion of stipulated penalties that have accrued pursuant to this Consent Decree.

f. Nothing in this Consent Decree shall be construed as prohibiting, altering, or in any way limiting the ability of the United States or the State to seek any other remedies or sanctions available by virtue of Settling Defendants' violation of this Consent Decree or of the statutes and regulations upon which it is based.

## VIII. COVENANTS BY PLAINTIFFS

12. a. Subject to Paragraph 13, in consideration of the payments that will be made by the Settling Defendants pursuant to the terms of this Consent Decree, the United States covenants not to sue or to take any other civil or administrative action against each Settling Defendant, its successors and assigns, for Natural Resource Damages relating to the Site.

b. Subject to Paragraph 13, in consideration of the payments that will be made by the Settling Defendants pursuant to the terms of this Consent Decree, the State covenants not to sue or to take any other civil or administrative action against each Settling Defendant, its successors and assigns, for Natural Resource Damages relating to the Site.

c. Each of these covenants not to sue shall take effect and is expressly conditioned upon the Settling Defendant's compliance with the terms of this Consent Decree, including receipt by the Trustees of the payments required by Paragraphs 6 and 7 of this Consent Decree and receipt by the United States or the State of any additional amounts which may become due under Section VII (Stipulated Penalties).

13. a. The covenants not to sue set forth in Paragraph 12 do not pertain to any matters other than those expressly specified in Paragraph 12. The United States and the State reserve,