IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>    Plaintiff,<br><br>    v.<br><br>HOLYOKE WATER POWER COMPANY and<br>CITY OF HOLYOKE GAS & ELECTRIC<br>    DEPARTMENT,<br><br>    Defendants. | CIVIL ACTION NO. 04-30119-MAP |
| COMMONWEALTH OF MASSACHUSETTS<br><br>    Plaintiff,<br><br>    v.<br><br>HOLYOKE WATER POWER COMPANY and<br>CITY OF HOLYOKE GAS & ELECTRIC<br>    DEPARTMENT,<br><br>    Defendants. | CIVIL ACTION NO. 04-30120-MAP |

**PLAINTIFFS' MEMORANDUM IN SUPPORT
OF UNOPPOSED MOTION TO ENTER CONSENT DECREE**

Plaintiffs, the United States of America and the Commonwealth of Massachusetts, respectfully submit this Memorandum in support of Plaintiffs' Unopposed Motion to Enter Consent Decree. The Consent Decree, lodged with this Court on June 22, 2004, will resolve the liability of the Defendants, Holyoke Water Power Company and City of Holyoke Gas & Electric

-2-

Department (together, "Settling Defendants"), to the United States and the Commonwealth of Massachusetts ("Commonwealth") for all claims asserted against those parties in these actions. The Settling Defendants do not oppose the entry of the Consent Decree. Consent Decree ¶ 33. Pursuant to 28 C.F.R. § 50.7, Notice of the Consent Decree was published in the Federal Register on July 1, 2004. 69 Fed. Reg. 39965. The comment periods have ended and the United States and the Commonwealth have received no comments regarding the settlement. As the settlement is fair, reasonable, consistent with the statutory scheme of the Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA"), 42 U.S.C. §§ 9601 *et seq.*, and M.G.L. c. 21E, and in the public interest, the Court should approve the Consent Decree and enter it as a final judgment in Civil Actions 04-30119-MAP and 04-30120-MAP.

I. BACKGROUND

The former Holyoke Gas Works in Holyoke, Massachusetts produced coal gas for residential, commercial, and industrial lighting from 1858 to 1951. It is likely that between 1905 and 1952 at least 120,000 gallons of manufactured gas plant ("MGP") tar were released from this facility to the Connecticut River. Investigations have identified at least 27 MGP tar patches along the western side of the Connecticut River. In addition, the No. 2 Overflow Raceway of the Holyoke Canal System is contaminated with such tar. The Settling Defendants have been performing response actions at the Site and completed a major portion of the work in the river during this past summer.

The United States and the Commonwealth filed their respective Complaints in this matter on June 22, 2004. The United States' Complaint alleges that the Settling Defendants are liable under Section 107 of CERCLA, 42 U.S.C. § 9607, for damages for injury to, destruction of, or

-3-

loss of natural resources resulting from the release or threatened release of hazardous substances, including the reasonable costs of assessing such injury, destruction or loss. The Commonwealth's Complaint also alleges the liability of the Settling Defendants under CERCLA and M.G.L. c. 21E for damages for injury to, destruction of, or loss of natural resources resulting from the release or threatened release of hazardous substances, including the reasonable costs of assessing such injury, destruction or loss.

Pursuant to the Consent Decree, the Settling Defendants will pay $500,000 as natural resource damages to the United States Department of the Interior and the National Oceanic and Atmospheric Administration and to the Executive Office of Environmental Affairs of the Commonwealth of Massachusetts (together, "Natural Resource Trustees").

II. ARGUMENT

It is by now established in this Circuit that a court should enter a CERCLA consent decree if the decree "is reasonable, fair, and consistent with the purposes that CERCLA is intended to serve." *United States v. Cannons Engineering Corp.*, 899 F.2d 79, 85 (1st Cir. 1990) (quoting House Report on the Superfund Amendments and Reauthorization Act of 1986, H.R. Rep. No. 253, Part 3, 99th Cong. 1st Sess. 19 (1985), *reprinted in* 1986 U.S. Code Cong. & Admin. News 3038, 3042); *see United States v. DiBiase*, 45 F.3d 541, 543 (1st Cir. 1995); *United States v. Charles George Trucking, Inc.*, 34 F.3d 1081, 1085 (1st Cir. 1994). As this Consent Decree meets this governing standard, and no comments have been filed which undermine this conclusion, the Court should enter the Decree.

A. The Standard of Review is Deferential

The standard to be applied by this Court in reviewing this Consent Decree is laden with

-4-

judicial deference to CERCLA consent decrees, reflecting the general public policy favoring settlements. *Charles George*, 34 F.3d at 1085; *Cannons*, 899 F.2d at 84. The law favoring settlements "has particular force where, as here, a government actor committed to the protection of the public interest has pulled the laboring oar in constructing the proposed settlement." *Cannons*, 899 F.2d at 84; *see United States v. Rohm & Haas Co.*, 721 F. Supp. 666, 685 (D.N.J. 1989) ("Respect for the litigants, especially the United States, requires the court to play a much more constrained role."). Moreover, the public policy in favor of the resolution of litigation by settlement is strong in CERCLA cases. *See Dedham Water Co. v. Cumberland Farms Dairy, Inc.*, 805 F.2d 1074, 1082 (1st Cir.1986) ("early resolution of [CERCLA] disputes is a desirable objective"). Settlement of CERCLA cases is, thus, highly favored because it effectuates basic policy goals of CERCLA. The instant Consent Decree presents no reason for this Court to diverge from this well established standard of review. Accordingly, this Court should defer to the parties' agreement and the Natural Resource Trustees' expertise.

B. <u>The Consent Decree Is Reasonable, Fair, and Consistent with CERCLA's Purposes</u>

In *Rohm & Haas*, the court found that "where a settlement is the product of informed, arms-length bargaining by the EPA, an agency with the technical expertise and the statutory mandate to enforce the nation's environmental protection laws, in conjunction with the Department of Justice . . . *a presumption of validity attaches to that agreement*." 721 F. Supp. at 681 (emphasis added) (*citing City of New York v. Exxon Corp.*, 697 F. Supp. 677, 692 (S.D.N.Y. 1988)). Similarly here, the Natural Resource Trustees and the Settling Defendants conducted negotiations during which the parties had adverse interests. All negotiations were conducted at arms-length. The Consent Decree is also fair and reasonable. As noted above, the Settling

-5-

Defendants will pay $500,000 as natural resource damages to the Natural Resource Trustees. Of this amount, $155,000 will be utilized to reimburse, in part, the Natural Resource Trustees' assessment costs and $345,000 will be utilized to carry out natural resource restoration projects. The payments not only satisfactorily compensate the public, but reasonably balance a host of competing factors, including the Natural Resource Trustees' desire to recover such funds without the delay and expense of protracted litigation. The settlement also meets a primary objective of CERCLA, as the Settling Defendants are contributing to both the reimbursement of the United States' and the Commonwealth's assessment costs and to the restoration of injured natural resources. And, the Consent Decree serves CERCLA's goal of reducing, where possible, the litigation and transaction costs associated with response actions. *See Cannons*, 899 F.2d at 90. No one has questioned these conclusions.[1]

The proposed Consent Decree is, therefore, fair, reasonable and faithful to the CERCLA statutory scheme. For the same reasons, the proposed Consent Decree is faithful to the statutory scheme of M.G.L. c. 21E. It should be entered by the Court.

C. The Consent Decree Should be Entered as a Final Judgment

This Consent Decree resolves all claims for natural resource damages of all parties in this action. There can be no question that the Decree constitutes a judgment under Fed. R. Civ. P. 54(a) ("'Judgment' as used in these rules includes a decree and any order from which an appeal lies"). It resolves all claims and provides the parties with finality. *See Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 275 (1988) ("decision 'ends the litigation on the

---

[1] This settlement does not deal with performance of the cleanup at the Site. The Settling Defendants are working with the Commonwealth separately with respect to such remedial actions.

-6-

merits and leaves nothing for the court to do but execute the judgment'").[2]/ In light of this disposition, the Court should direct the Clerk to enter judgment in Civil Actions 04-30119-MAP and 04-30120-MAP pursuant to the provisions of Fed. R. Civ. P. 58. *See e.g., Hewlett-Packard Co., Inc. v. Berg*, 61 F.3d 101, 104 (1st Cir. 1995) (noting requirement under Rule 58 of a "separate document . . . disposing of all claims").

## CONCLUSION

The proposed Consent Decree provides a full and fair resolution of the dispute between the United States, the Commonwealth, and the Defendants concerning natural resource damages at the Site. The settlement is fair, reasonable, consistent with CERCLA, and M.G.L. c. 21E, and in the public interest. Accordingly, this Court should grant the motion of the United States, enter the Consent Decree, and direct the Clerk to enter judgment in Civil Actions 04-30119-MAP and 04-30120-MAP pursuant to Fed. R. Civ. P. 58.

Respectfully submitted,

FOR THE UNITED STATES

THOMAS L. SANSONETTI
Assistant Attorney General
Environment and Natural Resources Division

_/s/ Peter K. Kautsky_
PETER K. KAUTSKY
Trial Attorney
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
Washington, D.C. 20530

---

[2]/ Under the Consent Decree the Court does retain jurisdiction for the purpose of, among other things, enforcing the terms of the Decree.

-7-

MICHAEL J. SULLIVAN
United States Attorney
District of Massachusetts

_____
KAREN GOODWIN
1550 Main Street
U.S. Courthouse, Room 310
Springfield, MA 01103
(413) 785-0235


FOR THE COMMONWEALTH OF MASSACHUSETTS

THOMAS F. REILLY
Attorney General
Commonwealth of Massachusetts

_____
MATTHEW BROCK
Assistant Attorney General
Commonwealth of Massachusetts
Office of the Attorney General
Environmental Protection Division
One Ashburton Place, 18th Floor
Boston, MA 02108


Dated: November __, 2004

-8-

## CERTIFICATE OF SERVICE

I, Karen Goodwin, hereby certify that the foregoing was served, via first-class mail, this ___ day of November, 2004, on the persons listed below:

Linda T. Landis, Esq.
Holyoke Water Power Company
Public Service Company of New Hampshire
1000 Elm Street
Manchester, NH 03105

John J. Ferriter, Esquire
Ferriter & Ferriter LLC
150 Lower Westfield Road, Suite 100
Holyoke, MA 01040

*/s/ Karen Goodwin*