-19-

Decree this Court finds, that each Settling Defendant is entitled, as of the effective date of this

Consent Decree, to protection from contribution actions or claims as provided by CERCLA

Section 113(f)(2), 42 U.S.C. § 9613(f)(2) for all matters addressed in this Consent Decree;

provided nothing herein shall prevent the Settling Defendants from seeking contribution from

each other. The matters addressed in this Consent Decree are Natural Resource Damages as

defined in Section IV (Definitions) of this Consent Decree.

b. The State and the Settling Defendants agree, and by entering this Consent Decree this

Court finds, that pursuant to M.G.L. c. 21E, § 3A(j)(2), Settling Defendants are entitled, as of the

effective date of this Consent Decree, to protection from claims brought pursuant to M.G.L. c.

21E, section 5(a)(ii) regarding matters addressed in this Consent Decree as to those persons

receiving notice and an opportunity to comment on this Consent Decree in accordance with and

to the extent provided by, M.G.L. c. 21E, § 3A(j)(2); provided nothing herein shall prevent the

Settling Defendants from seeking contribution from each other. For purposes of this Paragraph

18.b., "matters addressed" shall be as defined as in Paragraph 18.a. Settling Defendants shall

have 30 days following the lodging of the Consent Decree to provide notice to the public

pursuant to M.G.L. c. 21E, § 3A(j)(2). The 90 day comment period shall commence 31 days

after the date of lodging of this Consent Decree. Settling Defendants' failure to provide timely

and adequate notice to one person shall not affect their rights as against any other person who

received such notice.

19. In any subsequent administrative or judicial proceeding initiated by the United States

or the State for injunctive relief, recovery of response costs, or other appropriate relief relating to

the Site, Settling Defendant shall not assert, and may not maintain, any defense or claim based

-20-

upon the principles of waiver, res judicata, collateral estoppel, issue preclusion, claim-splitting, the entire controversy doctrine, or other defenses based upon any contention that the claims raised by the United States or the State in the subsequent proceeding were or should have been brought in the instant case; provided, however, that nothing in this Paragraph affects the enforceability of the covenants not to sue set forth in Section IX (Covenants by Plaintiffs).

20. The Settling Defendants agree that with respect to any suit or claim for contribution brought against them for matters related to this Consent Decree or the Site they will notify in writing the United States and the State within 10 days of service of the complaint on them. In addition, Settling Defendants shall notify the United States and the State within 10 days of service or receipt of any Motion for Summary Judgment and within 10 days of receipt of any order from a court setting a case for trial.

21. a. This Consent Decree shall not relieve Settling Defendants from their obligations to comply with any federal or state law, regulation, order, or permit. Nothing in this Consent Decree shall preclude Settling Defendants from applying to regulatory agencies for licenses, approvals, permits or modifications to licenses, approvals, or permits.

b. Notwithstanding any provision of this Consent Decree, the United States and the State hereby retain all of their information gathering and inspection authorities and rights, including enforcement actions related thereto, under CERCLA, RCRA, M.G.L. 21E, and/or any other applicable statutes or regulations.

c. Notwithstanding any other provision of this Consent Decree, the United States and the State retain all authority and reserve all rights to take any and all response actions authorized by law, and to direct or order all appropriate action, or seek an order from the Court, to protect

-21-

human health and the environment or to prevent, abate, respond to, or minimize an actual or threatened release of hazardous substances or OHM on, at, or from the Site.

22. This Consent Decree shall not constitute evidence in any proceeding, except in a proceeding to enforce the provisions of this Consent Decree or in any proceeding regarding the meaning of a provision of the Consent Decree.

## XI. NOTICES AND SUBMISSIONS

23. Whenever, under the terms of this Consent Decree, written notice is required to be given or a report or other document is required to be sent by one Party to another, it shall be sent to the individuals at the addresses specified below, unless those individuals or their successors give notice of a change to the other Parties in writing. All notices and submissions shall be considered effective upon receipt, unless otherwise provided. Unless otherwise specified in this Consent Decree, written notice as specified herein shall constitute complete satisfaction of any written notice requirement of the Consent Decree with respect to the United States, the State, and the Settling Defendants, respectively.

As to the United States:

      Chief, Environmental Enforcement Section
      Environment and Natural Resources Division
      U.S. Department of Justice
      P.O. Box 7611
      Ben Franklin Station
      Washington, D.C.  20044
      Re: DJ # 90-11-3-1455

-22-

Marguerite Matera
Attorney
NOAA
Office of General Counsel
One Blackburn Drive
Suite 205
Gloucester, MA 01930

Mark Barash
U.S. Department of the Interior
Office of the Solicitor
One Gateway Center
Suite 612
Newton Corner, MA 02158-2868

As to the State:

Matthew Brock
Assistant Attorney General
Commonwealth of Massachusetts
Office of the Attorney General
Environmental Protection Division
One Ashburton Place, 18th Floor
Boston, MA 02108

Thomas LaRosa
Assistant General Counsel
EOEA
251 Causeway Street, 9th floor
Boston, MA  02114

As to the Settling Defendants:

James M. Lavelle, Manager
City of Holyoke Gas & Electric Department
99 Suffolk Street
Holyoke, MA 01040

-23-

John J. Ferriter, Esq.
Ferriter & Ferriter, LLC
150 Lower Westfield Road, Suite 100
Holyoke, MA 01040

Linda T. Landis
Senior Counsel
Public Service Company of New Hampshire
P.O. Box 330
Manchester, NH 03105-0330

## XII. EFFECTIVE DATE

24. The effective date of this Consent Decree shall be the date upon which this Consent Decree is entered by the Court.

## XIII. RETENTION OF JURISDICTION

25. This Court retains jurisdiction over the subject matter of this Consent Decree, the United States, the State, and the Settling Defendants for the purpose of enabling any of the Parties to apply to the Court at any time for such further order, direction, and relief as may be necessary or appropriate for the construction or modification of this Consent Decree, or to effectuate or enforce compliance with its terms.

26. Nothing in this Consent Decree shall be deemed to alter the Court's power to enforce, supervise or approve modifications to this Consent Decree.

## XIV. APPENDICES

27. The following appendix is attached to and incorporated into this Consent Decree:

Appendix A          Map of the Site

## XV. COSTS AND ATTORNEY FEES

28. If any of the Trustees bring an action to collect any payment or enforce any obligation required by this Consent Decree, and if the Trustee prevails in such action, Settling Defendants

-24-

shall reimburse the Trustee for all costs of such action, including, but not limited to, attorney's fees.

## XVI.  MODIFICATION

29.  Non-material modifications to the Consent Decree may be made only by written notification to and written approval of the United States, the State, and each of the Settling Defendants.  Such modifications will become effective upon filing with the Court by the United States.  Material modifications to the Consent Decree may be made only by written notification to and written approval of the United States, the State, Settling Defendants, and the Court. Nothing in this Decree shall be deemed to alter the Court's power to enforce this Consent Decree.

## XVII.  LODGING AND OPPORTUNITY FOR PUBLIC COMMENT

30.  a.  This Consent Decree shall be lodged with the Court and subject to public notice and comment in accordance with M.G.L. c. 21E, § 3A(J)(2) and consistent with 28 C.F.R. § 50.7.

b.  The United States reserves the right to withdraw or withhold its consent to the Consent Decree if comments received regarding the Consent Decree disclose facts or considerations which indicate that the Consent Decree is inappropriate, improper or inadequate.  In addition, in the event of the State's withdrawal from this Consent Decree, the United States reserves its right to withdraw from this Consent Decree.

c.  The State reserves the right to withdraw or withhold its consent to the Consent Decree if comments received regarding the Consent Decree disclose facts or considerations which indicate that the Consent Decree is inappropriate, improper or inadequate.  In addition, in the event of the United States' withdrawal from this Consent Decree, the State reserves its right to

-25-

withdraw from this Consent Decree.

31. If for any reason the Court should decline to approve this Consent Decree in the form presented, this agreement is voidable at the sole discretion of any Party and the terms of the agreement may not be used as evidence in any litigation between the Parties.

## XVIII. SIGNATORIES/SERVICE

32. Each undersigned representative of a Settling Defendant to this Consent Decree, the State, and the Assistant Attorney General for the Environment and Natural Resources Division of the Department of Justice certifies that he or she is fully authorized to enter into the terms and conditions of this Consent Decree and to execute and legally bind such Party to this document.

33. Each Settling Defendant hereby agrees not to oppose entry of this Consent Decree by this Court or to challenge any provision of this Consent Decree unless the United States or the State has notified the Settling Defendants in writing that it no longer supports entry of the Consent Decree.

34. Each Settling Defendant shall identify, on the attached signature page, the name, address and telephone number of an agent who is authorized to accept service of process by mail on behalf of that Party with respect to the filing of the Complaint. Settling Defendants hereby agree to accept service in that manner and to waive the formal service requirements set forth in Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this Court, including, but not limited to, service of a summons.

-26-

## XIX. FINAL JUDGMENT

35. Upon approval and entry by the Court, this Consent Decree shall constitute a final

judgment pursuant to Fed. R. Civ. P. 54 and 58.


SO ORDERED THIS *5th* DAY OF *November* , 2004

*Michael A. Ponsor*

United States District Judge

-27-

THE UNDERSIGNED PARTY enters into this Consent Decree in the matter of <u>United States and Commonwealth of Massachusetts v. Holyoke Water Power Company</u>, relating to the Holyoke Gas Tar Deposits Site and Former Holyoke Gas Works Site.

FOR THE UNITED STATES OF AMERICA


_____
Thomas L. Sansonetti
Assistant Attorney General
Environment and Natural Resources Division
U.S. Department of Justice
Washington, D.C.  20530


_____
Peter K. Kautsky
Trial Attorney
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
Washington, D.C.  20530



Michael J. Sullivan
United States Attorney
District of Massachusetts


_____
Karen Goodwin
1550 Main Street
U.S. Courthouse, Room 310
Springfield, MA 01103
(413) 785-0235

-28-

THE UNDERSIGNED PARTY enters into this Consent Decree in the matter of <u>United States and Commonwealth of Massachusetts v. Holyoke Water Power Company,</u> relating to the Holyoke Gas Tar Deposits Site and Former Holyoke Gas Works Site.

FOR THE COMMONWEALTH OF MASSACHUSETTS

Thomas F. Reilly
Attorney General
Commonwealth of Massachusetts


Matthew Brock
Assistant Attorney General
Commonwealth of Massachusetts
Office of the Attorney General
Environmental Protection Division
One Ashburton Place
18th Floor
Boston, Massachusetts 02108


Ellen Roy Herzfelder
Secretary of Environmental Affairs
Executive Office of Environmental Affairs of the
Commonwealth of Massachusetts
100 Cambridge Street
Suite 900
Boston, MA 02114

-29-

THE UNDERSIGNED PARTY enters into this Consent Decree in the matter of <u>United States and Commonwealth of Massachusetts v. Holyoke Water Power Company</u>, relating to the Holyoke Gas Tar Deposits Site and Former Holyoke Gas Works Site.

FOR HOLYOKE WATER POWER COMPANY

Date: _____

Jean M. LaVecchia
Vice President
Human Resources and Environmental Services
107 Selden Street
Berlin, Connecticut  06037
860-665-3650

Agent Authorized to Accept Service on Behalf of Above-signed Party:

Name:         Jean M. LaVecchia
Title:        Vice President
              Human Resources and Environmental Services
Address:      107 Selden Street
              Berlin, Connecticut  06037
Tel. Number:  860-665-3650

-30-

THE UNDERSIGNED PARTY enters into this Consent Decree in the matter of <u>United States</u> <u>and Commonwealth of Massachusetts v. Holyoke Water Power Company</u>, relating to the Holyoke Gas Tar Deposits Site and Former Holyoke Gas Works Site.

FOR CITY OF HOLYOKE GAS & ELECTRIC DEPARTMENT

Date: 5·11·04

James M. Lavelle, Manager
City of Holyoke Gas & Electric Department
99 Suffolk Street
Holyoke, MA 01040
(413) 536-9311

Agent Authorized to Accept Service on Behalf of Above-signed Party:

Name:      James M. Lavelle
Title:       Manager
Address:   99 Suffolk Street
            Holyoke, MA 01040
            (413) 536-9311

Holyoke Gas Tar Deposits
MA DEP Site # 1-1055

**Disclaimer**

This map is for illustrative purposes only and is based on information found in MA DEP site file # 1-1055 on June 28, 2000. The boundaries of the site and the site portions are not based on surveyed data.

**Legend**

Site Portion 1
Site Portion 2
Site Portion 3

800   0   800   1600   2400   3200 Feet



LEGEND

SITE PORTION 1

SITE PORTION 2
(UPSTREAM BOUNDARY ONLY)

SITE PORTION 3

FORMER HOLYOKE GAS WORKS
(MA DEP SITE #1-0818)

APPROX. AREA OF TAR IN SITE PORTION 1
(1)

SCALE:

BUCKLEY AND KYNARD, 1983

Figure 2 - Holyoke Gas Tar Deposits
Massachusetts DEP Site #1-1055
June 2000

Source: Identification of Coal Tar Plume & Analysis of
Remedial Options - Connecticut River; Holyoke, Massachusetts
Metcalf & Eddy; February 1991